**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5150**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE EDWARD COE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00037-RLV-DCK-5)

Submitted: July 30, 2009          Decided: August 3, 2009

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Edward Coe appeals from his conviction and 240-month sentence entered pursuant to his guilty plea to a drug conspiracy. On appeal, counsel has filed an brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal in light of Coe's plea agreement waiver of appeal rights.[1] Coe has filed a pro se supplemental brief, raising two issues. We affirm.

Coe first asserts that the district court erred in enhancing his sentence based upon a prior conviction that was neither charged in the indictment nor proven beyond a reasonable doubt. However, Coe concedes that his argument is barred by current law. See United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir. 2005). Next, Coe contends that he should have been warned that violation of his pre-trial release would result in both the enhancement of his sentence with prior convictions and the Government's decision not to file a motion for a substantial assistance departure. However, Coe was informed that violation of the conditions of his release could result in an additional sentence of imprisonment, he agreed in his plea agreement that

---

[1] Because the Government does not move to dismiss this appeal based upon Coe's waiver, we decline to enforce it.

2

he was subject to a mandatory life sentence,[2] and he agreed that any substantial assistance departure was at the sole discretion of the Government.  Thus, while Coe cites no relevant precedent requiring such notice, Coe suffered no prejudice from any error.

Pursuant to Anders, we have reviewed the record for any meritorious issues.  Finding none, we affirm Coe's conviction and sentence.  This court requires that counsel inform Coe, in writing, of the right to petition the Supreme Court of the United States for further review.  If Coe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Coe.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Based on Coe's assistance, the Government withdrew its notice of two of Coe's prior convictions.  The Government's resulting reliance on just one prior conviction lowered the mandatory minimum sentence from life to 240 months.